**Caitlin V. Mitchell**, OSB No. 123964
cmitchell@justicelawyers.com
**Jennifer J. Middleton**, OSB No. 071510
jmiddleton@justicelawyers.com
Johnson Johnson Lucas & Middleton P.C.
975 Oak Street, Suite 1050
Eugene, OR 97401
Tel: 541-484-2434
Fax: 541-484-0882
Attorneys for the Plaintiff

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF OREGON
## EUGENE DIVISION

| | |
|---|---|
| **JAMIE NAMITZ,** | Case No. |
| Plaintiff, | **COMPLAINT** |
| vs. | Title VII, U.S. Constitution 14th Amendment, Or. Const. Article I section 46, Or. Const. Article I section 20, ORS 659A.030 |
| **MARION COUNTY, JOHN LATTIMER,** and **DON NEWELL,** | |
| Defendants. | *__Demand for Jury Trial__* |

### INTRODUCTORY STATEMENT

**1.**

Marion County has consistently and repeatedly rejected Medium Equipment Operator Jamie Namitz' applications for promotion in favor of male applicants. In August 2018, manager and defendant Don Newell told Namitz that her "greatest asset" was her "sexuality" and that he would be concerned that, if promoted, her crew would not listen to or respect her. A subsequent Human Resources investigation recommended that defendant Newell be fired after finding that he had engaged in a long-term pattern of sex-based discrimination towards Namitz and other

female employees, yet the County and its officers refused to take appropriate corrective action. This is an action arising under Title VII, the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution, the Equal Rights Amendment to the Oregon Constitution, the Privileges and Immunities Provision of the Oregon Constitution, and ORS 659A.030, challenging defendants' sex-based discrimination against Namitz.

## PARTIES

2.

Jamie Namitz is a Medium Equipment Operator for Marion County Public Works and a resident of Lyons, Oregon. She is female.

3.

Marion County ("the County") is a local political entity within the State of Oregon.

4.

Defendant Don Newell was the Division Operations Manager for Marion County Public Works at all times relevant to the complaint and, at all times material, acted under color of state law.

5.

Defendant John Lattimer was the Chief Administrative Officer for Marion County at all times relevant to the complaint and, at all times material, acted under color of state law. Defendant Lattimer was the final policy maker for Marion County Public Works during the time period at issue with regard to the personnel management decisions relevant herein.

6.

This Court has jurisdiction pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1367.

7.

Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) because the events and omissions giving rise to the claims occurred in Marion County, Oregon.

## FACTS

### 8.

Marion County hired Jamie Namitz as a custodial worker in 2002. Namitz became a Medium Equipment Operator ("MEO") in 2006. She has held that position ever since. As an MEO, Namitz operates road maintenance equipment such as bulldozers, street sweepers, and pavers. Out of 44 MEOs in the Public Works Department, only two are female.

### 9.

Jamie Namitz has received positive performance evaluations during her employment with the County. Her 2017 evaluation, signed by her manager defendant Newell and Public Works Director Alan Haley, states that supervisors regularly asked Namitz to take on leadership roles and that the crew responded well to her. Her 2018 evaluation, also signed by defendant Newell and Haley, describes Namitz as a role model and states that "she does not have a problem taking the lead." Both evaluations reference Namitz' promising future in Public Works.

### 10.

Jamie Namitz has applied for at least five promotions within Marion County Public Works since 2006. In 2017 she applied to be a Crew Leader (a non-supervisory leadership position) and a Road Operations Supervisor. The County declined each of her applications and hired men to fill the positions.

### 11.

Jamie Namitz again applied for a Road Operations Supervisor position in August 2018. During her interview, defendant Newell stated that Namitz' greatest asset was her sexuality and that her greatest weakness was that her crew would not respect her. Defendant Newell recommended that the County not promote Namitz, but instead give the supervisor position to an internal male candidate. The County did so. Namitz, along with at least one manager who participated in the interview, reported defendant Newell's comments to Human Resources.

///

///

**12.**

Marion County investigated. Its Human Resources Department sustained all allegations of prohibited conduct under Marion County's Non-Discrimination Policy. In particular, it found that defendant Newell subjected Jamie Namitz to different terms and conditions of employment based on sex during the 2018 interview. It found that, contrary to defendant Newell's statements, Namitz had successfully demonstrated leadership capacities and was respected and supported by her peers.

**13.**

Marion County also found evidence of sex discrimination in the County's denial of Jamie Namitz' application for promotion to Road Operations Supervisor in 2017. Defendant Newell was the hiring manager for that position and determined which applicants would be interviewed. The County found that defendant Newell did not use written criteria to score the applications, contrary to the County's policies and procedures; that defendant Newell only interviewed male candidates; that defendant Newell told at least one internal male candidate not to tell "the girls" about the interview; and that defendant Newell told Kim Rhoades, the other female applicant for the position besides Namitz, that she had not been interviewed because she did not have a college degree. A college degree was not a requirement for the position.

**14.**

Marion County's investigation revealed that defendant Newell subjected all nine of the female employees who worked closely with him to gender-based discrimination, including but not limited to sexual harassment and derogatory gender-based comments. The investigation also found that, since defendant Newell became a manager in 2006, he had hired only one woman (into the lowest paying position available); promoted only one woman into a leadership role (the lowest level of crew leader); and had not promoted any women into supervisory positions. The investigation found that defendant Newell regularly promoted male employees with less experience into crew leader and supervisory positions over female employees, and that almost all

female employees (9% of the total employees at Marion County Public Works) held the lowest paying positions.

**15.**

Human Resources Analyst Lisa Waddell presented the County's findings in a memorandum to Chief Administrative Officer and defendant John Lattimer and Deputy County Administrative Officer Jan Fritz during a meeting in September 2018. Human Resources leadership recommended that Newell be terminated or, in the alternative, that he be placed on a last chance agreement. Defendant Lattimer, as final policymaker, refused to accept Human Resources' recommendations. He placed defendant Newell on a "work plan" that included a one-week unpaid suspension.

**16.**

Jamie Namitz testified before the Marion County Board of Commissioners about the discrimination that she experienced. After her testimony, defendant Newell was fired.

**17.**

Marion County Human Resources recommended that the County re-interview the candidates for the 2018 Road Operations Supervisor position using a new panel. Defendants failed to do so and failed to take any other corrective action to remedy their discrimination against Jamie Namitz. Defendants then retaliated against Human Resources Analyst Waddell by reassigning her from Public Works to another department before she could implement training or take other action to address the pattern of gender-based discrimination uncovered by her investigation.

**18.**

Jamie Namitz filed a verified complaint with the Oregon Bureau of Labor & Industries (BOLI) and cross-filed with the Equal Employment Opportunities Commission (EEOC). On November 30, 2019, BOLI issued a Notice of Substantial Evidence Determination and a Right to Sue notice, finding that Namitz was subjected to different terms and conditions of employment and denied promotions based on sex.

**19.**

As a result of the County's discrimination, Jamie Namitz has remained in lower-paying, non-leadership, non-supervisory positions throughout her nearly twenty years of service to the County. She has been unable to advance within her professional field and has been denied access to the higher salaries and better benefits packages that accompany supervisory and management positions. The economic effects of the discrimination will continue to compound over the course of her career, resulting in significant financial loss. Namitz also has suffered significant humiliation and emotional distress as a result of defendant Newell's sex-based discrimination and the County's failure to address and rectify the harm.

### FIRST CLAIM FOR RELIEF
### TITLE VII
### (AGAINST MARION COUNTY)

Plaintiff repeats and realleges paragraphs 1 through 19 as though fully set forth herein.

**20.**

Marion County subjected plaintiff to different terms and conditions of employment and denied her promotions because of her sex, in violation of 42 U.S.C. § 2000e-2. It failed and refused to rectify this sex discrimination when made aware of it.

**21.**

Plaintiff lost valuable wages and benefits because of the County's discrimination. She also suffered humiliation, injustice, and other emotional distress because of the County's knowing disregard of and refusal to remedy its discrimination.

**22.**

Plaintiff is entitled to full backpay, compensatory damages in an amount to be determined by the jury, and a promotion and accompanying raise in salary.

///

///

///

**23.**

Defendant's discrimination was intentional or taken in reckless disregard for plaintiff's rights. Punitive damages in an amount to be determined by the jury should be awarded to punish defendant and deter it and others from acting in a similar manner in the future.

**24.**

Plaintiff is further entitled to her reasonable attorney fees and costs.

SECOND CLAIM FOR RELIEF
EQUAL PROTECTION CLAUSE OF THE UNITED STATES CONSTITUTION, 14TH AMENDMENT
42 U.S.C. § 1983
(AGAINST MARION COUNTY, LATTIMER IN HIS INDIVIDUAL CAPACITY AND NEWELL IN HIS
INDIVIDUAL CAPACITY)

Plaintiff repeats and realleges paragraphs 1 through 24 as though fully set forth herein.

**25.**

By the acts and omissions described above, Defendants Marion County, Lattimer, and Newell discriminated against plaintiff because of sex, in violation of plaintiff's right to equal protection of the laws enshrined in the 14th Amendment to the United States Constitution and enforced through 42 U.S.C. § 1983.

**26.**

Defendants' discrimination occurred pursuant to Marion County's longstanding practice or custom in its Public Works Department of failing to hire female applicants on the basis of sex, failing to promote female employees on the basis of sex, and tolerating sexual and gender-based harassment against women in the workplace.

**27.**

Defendants' sex-based discrimination against plaintiff was intentional or undertaken with deliberate indifference to plaintiff's constitutional rights. Defendants had no exceedingly persuasive justification for their discrimination.

///

///

PAGE 7 OF 10 - COMPLAINT

**28.**

Plaintiff lost valuable wages and benefits because of defendants' discrimination. She also suffered humiliation, injustice, and other emotional distress because of defendants' ratification, knowing disregard of and refusal to remedy their discrimination.

**29.**

Plaintiff is entitled to full backpay, compensatory damages in an amount to be determined by the jury, and a promotion and accompanying raise in salary.

**30.**

Punitive damages in an amount to be determined by the jury should be awarded to punish defendants and deter them and others from acting in a similar manner in the future.

**31.**

Plaintiff is further entitled to her reasonable attorney fees and costs.

### THIRD CLAIM FOR RELIEF
### EQUAL RIGHTS AMENDMENT OF THE OREGON CONSTITUTION
### ARTICLE I, SECTION 46
### (AGAINST MARION COUNTY)

Plaintiff repeats and realleges paragraphs 1 through 31 as though fully set forth herein.

**32.**

By the acts and omissions described above, Marion County has denied plaintiff equality of rights on account of sex, in violation of Or. Const. Art. I § 46.

**33.**

Plaintiff is entitled to equitable relief in the form of a promotion and accompanying raise in salary.

**34.**

Plaintiff is further entitled to her reasonable attorney fees and costs.

///

///

### FIFTH CLAIM FOR RELIEF
### ARTICLE I, SECTION 20, OF THE OREGON CONSTITUTION
### (AGAINST MARION COUNTY)

Plaintiff repeats and realleges paragraphs 1 through 34 as though fully set forth herein.

**35.**

By the acts and omissions described above, Marion County denied plaintiff equal privileges or immunities on account of sex, in violation of Or. Const. Art. I § 20.

**36.**

Plaintiff is entitled to equitable relief in the form of a promotion and accompanying raise in salary.

**37.**

Plaintiff is further entitled to her reasonable attorney fees and costs.

### SIXTH CLAIM FOR RELIEF
### ORS 659A.030
### (AGAINST MARION COUNTY)

Plaintiff repeats and realleges paragraphs 1 through 37 as though fully set forth herein.

**38.**

Marion County subjected plaintiff to different terms and conditions of employment and denied her promotions because of sex, in violation of ORS 659A.030. It failed and refused to rectify this sex discrimination when made aware of it.

**39.**

Plaintiff lost valuable wages and benefits because of the County's discrimination. She also suffered humiliation, injustice, and other emotional distress because of the County's knowing disregard of and refusal to remedy its discrimination.

**40.**

Plaintiff is entitled to full backpay, compensatory and punitive damages in amounts to be determined by the jury and a promotion and accompanying raise in salary.

**41.**

Plaintiff is further entitled to her reasonable attorney fees and costs.

WHEREFORE, plaintiff requests that this Court enter judgment in her favor and award the following relief:

1.      Declare that Marion County engaged in unlawful sex discrimination against Jamie Namitz;

2.      Issue an order promoting Jamie Namitz; elevating her salary and benefits to the levels they would be in the absence of discrimination; requiring defendant Marion County to maintain her salary and benefits at that level with all appropriate future raises; and prohibiting defendant from retaliating against Jamie Namitz in the future;

3.      Award back pay to compensate Jamie Namitz for the difference in her salary and benefits for the past two years;

5.      Award compensatory damages in an amount to be determined by the jury;

6.      Award punitive damages in an amount to be determined by the jury; and

7.      Grant all other relief as this Court deems just and proper.


Respectfully submitted this ___19th___ day of February, 2020.


                    JOHNSON JOHNSON LUCAS & MIDDLETON, P.C.


                    Jennifer J. Middleton, OSB No. 071510
                    jmiddleton@justicelawyers.com
                    Caitlin V. Mitchell, OSB No. 123964
                    cmitchell@justicelawyers.com
                    Johnson Johnson Lucas & Middleton P.C.
                    975 Oak Street, Suite 1050
                    Eugene, OR 97401
                    Tel: 541-484-2434
                    Fax: 541-484-0882
                    Attorneys for the Plaintiff